**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PERCY D. BELL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 4:11cv1364 TCM** |
| | ) | |
| **JAY CASSADY,**[1] | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court for review and final disposition of a petition for writ of habeas corpus filed by Percy D. Bell ("Petitioner") pursuant to 28 U.S.C. § 2254 to challenge a 2008 judgment following a jury trial.[2] Respondent filed a response [Doc. 8] to the petition, including materials from the underlying state court proceedings [Docs. 9 and 14-1].[3]

---

[1] Petitioner notified the Court that he is now incarcerated at the Jefferson City Correctional Center [Doc. 4], where Jay Cassady is the Warden. Accordingly, the Court will substitute Jay Cassady as the Respondent in this proceeding. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts ("the petition must name as respondent the state officer who has custody" of the petitioner). The Court will not add the Missouri Attorney General as a Respondent because Petitioner is challenging a judgment that resulted in concurrent, rather than consecutive, terms of imprisonment. See Rule 2(b), Rules Governing Section 2254 Cases in the United States District Courts.

[2] This matter is before the undersigned United States Magistrate Judge on consent of the parties. 28 U.S.C. § 636(c).

[3] Some of the state court materials identify the minor victim, as well as others who were minors at the time of the relevant incidents. Therefore, the following state court materials will be placed and maintained under seal: the legal file for Petitioner's underlying criminal proceeding, Resp't Ex. A [Doc. 9]; the trial transcript for that proceeding, Resp't Ex. I [Doc. 14-1]; Petitioner's brief submitted in his direct appeal, Resp't Ex. B [Doc. 9]; the legal file for Petitioner's underlying

In his petition, Petitioner presents one ineffective assistance of counsel claim that encompasses four challenges to his trial attorney's representation. For convenience in discussing the claims, the Court will address each of those challenges as separate grounds for federal habeas relief, numbered one to four.

After careful consideration, the Court will deny the petition upon concluding that Petitioner is not entitled to relief because ground three is procedurally defaulted and Petitioner failed to demonstrate either cause and prejudice or actual innocence so as to allow this Court to consider the merits of that procedurally defaulted claim; and because the other three grounds lack merit.

## **Background**

Petitioner was charged, as a prior offender and as a prior and persistent sexual offender, with six counts of first-degree statutory sodomy, in violation of Mo. Rev. Stat. § 566.062. (Substitute Information in lieu of Indictment ("Substitute Information"), Legal File, Resp't Ex. A, at 152-54 [Doc. 9].) The charges were based on allegations that, between August 1, 2006 and April 25, 2007, Petitioner had deviate sexual intercourse with N.H. ("Victim"), a boy who was less than fourteen years old at the time. Id. Specifically, the substitute information alleged that Petitioner placed his mouth on N.H.'s penis (Count I), put

---

post-conviction motion proceeding, Resp't Ex. E [Doc. 9]; and Petitioner's brief submitted in his appeal in that proceeding, Resp't Ex. F [Doc. 9].

Additionally, because the identity of individuals who were minors at the time of the incidents is available in Petitioner's federal habeas petition [Doc. 1] and its exhibit 1 [Doc. 1-1], as well as in Respondent's response [Doc. 8], those materials will also be placed and maintained under seal.

his penis in N.H.'s mouth (Count II), "placed [his] mouth on [N.H.'s] penis after which [Petitioner] tried to insert his penis in [N.H.'s] anus" (Count III), put "his penis in [N.H.]'s mouth after which [Petitioner] tried to insert his penis in [N.H.'s] anus" (Count IV), placed his "mouth on [N.H.'s] penis shortly before this occurred [N.H.] was playing a video game" (Count V); and put "his penis in [N.H.]'s mouth, shortly before this occurred [N.H.] was playing a video game (Count VI). Id. at 152-53. Additionally, the Substitute Information expressly alleged that, as a prior and persistent sexual offender, and due to Petitioner's March 4, 1988 guilty plea to a felony attempted rape charge, Petitioner was subject to "an extended term of imprisonment for life without eligibility for probation or parole, under Sections 558.018 and 557.036" of Missouri Revised Statutes. Id. at 154.

Prior to trial Petitioner's counsel deposed Victim and his mother; filed a request for discovery, an unsuccessful motion for a bill of particulars, and two motions in limine; and contested the admissibility of Victim's statements to a social worker at St. Louis Children's Hospital, Margie Batek, as well as the admissibility of statements Petitioner might have made to Victim regarding his reportedly similar conduct with a minor boy whom Victim knew. (See Legal File, Resp't Ex. A, at 19, 23-25, 26, 37-138, 147-51 [Doc. 9]; Trial Tr., Resp't Ex. I at 153-74 [Doc. 14-1].) Before trial began, the Court conducted a hearing to determine the admissibility of Victim's statements to Batek under Mo. Rev. Stat. § 491.075, and found the statements admissible. (See Trial Tr., Resp't Ex. I at 153-74 [Doc. 14-1].) The trial court also ruled that Victim could "state what was said in the lead up to the act," including what

Petitioner said to Victim, but "no testimony regarding [Petitioner]'s other criminal record [was] allowed and [was] excluded." (Id. at 173-74.)

Victim, Victim's mother, a police officer who saw but did not interview Victim, and Batek, who had interviewed Victim in April 2007, testified during the 2008 jury trial. (See Trial Tr., Resp't Ex. I, at 186-263 [Doc. 14-1].) Petitioner did not testify at trial, advising the trial court in response to its questions out of the presence of the jury that he understood it was his decision to make and that he decided not to testify after thinking about it and after having discussed it with his counsel and those "whose opinion [he] value[d]." (Id. at 268-69, 272 [Doc. 14-1 at 70, 71].)

Outside the presence of the jury and prior to the end of trial, the trial court found that Petitioner was a prior offender under Mo. Rev. Stat. § 558.016, as well as a prior and persistent sexual offender under Mo. Rev. Stat. §§ 558.018 and 557.036, based on Petitioner's March 1, 1988 guilty plea to a felony attempted rape charge. (Id. at 264-68.)

Petitioner's counsel unsuccessfully moved for judgment of acquittal at the close of the State's evidence and at the close of all the evidence. (Id. at 271-72.)

The jury found Petitioner guilty of the statutory sodomy offenses charged in Counts I through IV and Count VI; and not guilty of the statutory sodomy offense charged in Count V. (Verdicts, Legal File, Resp't Ex. A, at 184-89 [Doc. 9].) The trial court sentenced Petitioner to concurrent terms of life without probation or parole on each of the five counts. (Trial Tr., Resp't Ex. I, at 300-06 [Doc. 14-1].)

On direct appeal, Petitioner raised one point. He argued that his Fifth and Fourteenth Amendment rights to due process were violated by the trial court overruling Petitioner's objection to the prosecutor asking Batek how Victim responded to her question whether "anything like [what happened to Victim] had ever happened to another child," and Batek testifying that Victim told her that Petitioner had said he had "engaged in the same activity" with" J. M. (Pet'r Br., Resp't Ex. B, at 10 [Doc. 9].)

The Missouri Court of Appeals for the Eastern District affirmed the conviction and sentence in a summary order, supplemented by a memorandum sent only to the parties setting forth the reasons for the decision. (Per Curiam Order and Mem. Supplementing Order Affirming J. Pursuant to Rule 30.25(b), dated Sept. 8, 2009, Resp't Ex. D.) In summary, the state appellate court did not address the merits of two of Petitioner's contentions in support of his point because they "were not preserved for appeal and have been waived"; and concluded Petitioner's other two arguments, that the statement lacked sufficient indicia of reliability to be admissible under Mo. Rev. Stat. § 491.075.1 and that the statement constituted "inadmissible evidence of prior uncharged misconduct," lacked merit based on the record. (Mem. Supplementing Order Affirming J. Pursuant to Rule 30.25(b), dated Sept. 8, 2009, Resp't Ex. D, at 3-6.)

The state appellate court entered its mandate on October 1, 2009, and Petitioner did not seek further review of the trial court's judgment. (See docket sheet for State v. Bell, No. ED92252 (Mo. Ct. App. filed Nov. 25, 2008) (docket sheet available at https://www.courts.mo.gov/casenet/cases/searchDockets.do) (last visited Sept. 12, 2014).)

Petitioner then timely filed a pro se motion for post-conviction relief. (Pet'r Mot., filed Dec. 1, 2009, Legal File, Resp't Ex. E, at 3-10.) In an amended post-conviction motion, which included a request for an evidentiary hearing. Petitioner set forth three claims for relief. First, Petitioner argued that his Fifth, Sixth, and Fourteenth Amendment rights to due process, to present a defense, to a fair trial, and to the effective assistance of counsel were violated by his trial attorney's failure to subpoena and call M.C. and J.M[4] as witnesses. (Pet'r Am. Mot., Legal File, Resp't Ex. E, at 16-17 [Doc. 9].) Second, Petitioner urged his Fifth, Sixth, and Fourteenth Amendment rights to due process, a fair trial, and the effective assistance of counsel were violated by his trial attorney's failure to communicate with Petitioner, resulting in a "complete communication breakdown at trial." (Id. at 17-18.) For his third and final claim, Petitioner contended that his Fifth, Sixth, and Fourteenth Amendment rights to testify, to present a complete defense, to due process, to a fair trial, and to the effective assistance of counsel were violated by his trial attorney's failure to call Petitioner as a witness at trial. (Id. at 19.) Without holding an evidentiary hearing, the motion court denied relief. (Mot. Court's Findings of Fact, Conclusions of Law, and J., dated Aug. 31, 2010, Legal File, Resp't Ex. E, at 43-49.)

Petitioner raised the same three arguments that he had pursued in his amended post-conviction motion as the three points in his timely post-conviction appeal. (Pet'r Br., Resp't

---

[4] This person's last name as set forth in the amended post-conviction motion starts with a "T," but the last name of the person to whom reference is being made begins with an "M." The Court will refer to this person by using the initials "J. M."

Ex. F, at 10-14.) Citing **Strickland v. Washington**, 466 U.S. 668 (1984), among other cases, the Missouri Court of Appeals for the Eastern District affirmed the motion court's decision in a summary order, supplemented by a memorandum sent only to the parties setting forth the reasons for its decision. (Per Curiam Order and Mem. Supplementing Order Affirming J. Pursuant to Rule 84.16(b), dated June 14, 2011, Resp't Ex. H.) The state appellate court found the relevant facts as follows:

> [Petitioner] met Victim through M.C., a fellow classmate of Victim. Victim would sometimes go to [Petitioner's] house to play video games with M.C., and another child, J.M. Victim and the other two children would sometimes sleep at [Petitioner's] house.

> The first time Victim spent the night at [Petitioner's] house, Victim, M.C. and J.M. smoked marijuana. After smoking the marijuana, Victim went to sleep in [Petitioner's] bedroom. [Petitioner] came into the bedroom and removed Victim's clothing. [Petitioner] then climbed into bed with Victim, and made Victim, "put [his] mouth on [Petitioner's] penis." Afterward, [Petitioner] "put his mouth on [Victim's] penis."

> On a second occasion, Victim played video games at [Petitioner's] house with M.C. and J.M., and the three children spent the night. Victim slept on a couch in the living room. He testified that M.C. slept on a different couch next to Victim and J.M. slept in the bedroom. Victim awoke to find [Petitioner] sitting next to him on the couch. [Petitioner] again performed oral sex on Victim. Afterward, Victim performed oral sex on [Petitioner].

> The last instance occurred after Victim went to [Petitioner's] house to receive a haircut. After the haircut, Victim performed oral sex on [Petitioner], and [Petitioner] also performed oral sex on Victim. M.C. and J.M. were sleeping while these sexual acts took place.

> At the close of the State's evidence, the trial court discussed with [Petitioner] his right to testify at trial:

> THE COURT: Okay. And here you know your experience, you have a prior conviction, as a criminal defendant you enjoy

certain rights under our State and Federal Constitution and one of the preeminent rights is the right either to testify or not testify. And you have to make a decision after reflecting in your own mind, talking with your attorneys, you have an attorney on your right and your left there, talking with any family member or the like, there are pluses and minuses going both ways, and if you decide to testify I will honor that, you will be allowed to testify, but you will be confronted with your prior conviction and the jury which is unaware of that now, would become aware of that prior conviction. On the other hand, if you don't testify, the State is completely barred from any mention of that 1988 attempted rape conviction. You understand those dynamics, don't you?

[Petitioner]: Yes, Your Honor.

THE COURT: You have reflected on that, thought about that in your mind?

[Petitioner]: Yes, Your Honor.

THE COURT: Have you discussed it with your lawyers and anybody whose opinion you value?

[Petitioner]: Yes, Your Honor.

THE COURT: And you realize the ultimate decision while anybody can give you advice, the ultimate is yours and yours alone, you understand that?

[Petitioner]: Yes, Your Honor.

THE COURT: Okay. Have you come to a final decision on whether or not you want to testify or not testify?

[Petitioner]: Not testify.

THE COURT: So that's your final answer right?

[Petitioner]: Yes, Your Honor.

(Mem. Supplementing Order Affirming J. Pursuant to Rule 84.16(b), dated June 14, 2011, Resp't Ex. H, at 2-3.)

With respect to the first point, that Petitioner's trial attorney provided ineffective assistance in failing to call J.M. and M.C. as witnesses at trial, the Missouri Court of Appeals noted that Petitioner argued that these two witnesses' "testimony would have provided a defense that [Petitioner] did not sodomize Victim on the night of the second incident of sexual activity," when Victim, J.M., and M.C. were at Petitioner's house playing video games. (Id. at 5-6.) The state appellate court found that a failure to call a witness is presumptively a matter of trial strategy and will not support an ineffective assistance of counsel claim unless the petitioner establishes, among other things, that the witness' testimony would have produced a viable defense. (Id. at 6.) These two witnesses would not provide a viable defense, the appellate court concluded, because they were asleep during the relevant time and could not testify to what occurred at that time. (Id.)

The state appellate court then addressed point three, that Petitioner's trial attorney was ineffective in failing to call Petitioner as a witness at trial; and found that contention refuted by the record of the discussion between the trial court and Petitioner regarding Petitioner's decision not to testify. (Id. at 7.)

With respect to the second point, that his trial attorney was ineffective for failing to communicate with Petitioner, the state appellate court found that Petitioner had not sufficiently alleged facts showing how any communication breakdown rendered counsel's

performance ineffective or how counsel's failure to respond to a letter from Petitioner adversely affected the attorney's performance at trial. (Id. at 8.)

The state appellate court issued its mandate on July 11, 2011; and Petitioner did not pursue further review of the motion court's judgment. (See docket sheet for Bell v. Missouri, No. ED95660 (Mo. Ct. App. filed Oct. 8, 2010) (docket sheet available at https://www.courts.mo.gov/casenet/cases/searchDockets.do) (last visited Sept. 24, 2014).)

Petitioner then timely filed his federal habeas petition, in which he presents four grounds for relief based on his trial attorney's allegedly ineffective assistance of counsel. Petitioner urges that his trial attorney failed to call J.M. and M.C. (ground one), failed to allow Petitioner to testify at trial as Petitioner requested (ground two), failed to subpoena or take depositions as Petitioner requested (ground three), and failed to communicate with Petitioner, resulting in "a 'communication breakdown.'" (Pet'n at 6 [Doc. 1 at 5].) Respondent contends the third ground is procedurally barred because Petitioner did not pursue it in his post-conviction appeal; and otherwise argues that all of the grounds lack merit.

**Discussion**

Procedural Default. Petitioner urges in his third ground that his trial attorney provided ineffective assistance of counsel by failing to subpoena or take depositions of unidentified witnesses. Respondent contends that this Court cannot consider the merits of this defaulted claim because Petitioner did not present it for review in his post-conviction appeal.

To avoid procedurally defaulting a claim, a petitioner seeking habeas review "must have fairly presented the substance of the claim to the state courts, thereby affording [the state] courts a fair opportunity to apply controlling legal principles to the facts bearing" on the claim. **Wemark v. Iowa**, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (internal quotation marks and citations omitted) (quoting, in part, <u>Anderson v. Harless</u>, 459 U.S. 4, 6 (1982) (per curiam)); <u>accord</u> **Baldwin v. Reese**, 541 U.S. 27, 29 (2004). "A claim has been fairly presented when a petitioner has properly raised the 'same factual grounds and legal theories' in the state courts which he is attempting to raise in his federal habeas petition." **Wemark**, 322 F.3d at 1021 (quoting <u>Joubert v. Hopkins</u>, 75 F.3d 1232, 1240 (8th Cir. 1996)). A petitioner must also exhaust his state remedies, by giving "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." **Grass v. Reitz**, 643 F.3d 579, 584 (8th Cir. 2011) (internal quotation marks omitted) (quoting <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999)). Claims that have not been exhausted and fairly presented to the state courts are procedurally defaulted. <u>See</u> **Wemark**, 322 F.3d at 1022 (quoting <u>Gray v. Netherland</u>, 518 U.S. 152, 161-62 (1996)).

In Missouri, a post-conviction motion proceeding is the exclusive procedure for pursuing in state court any ineffective assistance of counsel claim; a motion court's decision on such a motion is subject to appeal; and successive post-conviction motions are not permitted. Mo. S. Ct. Rule 29.15(a), 29.15(k); 29.15(l); **Moore-El v. Luebbers**, 446 F.3d 890, 896 (8th Cir. 2006). Importantly, any claim that should have been but was not presented

in a post-conviction motion or on appeal from a denial of a post-conviction motion is procedurally defaulted and may not be considered in a federal habeas proceeding.  See **Interiano v. Dormire**, 471 F.3d 854, 856 (8th Cir. 2006) (finding that claims not presented in an amended Rule 29.15 post-conviction motion or appeal from the denial of that motion are procedurally defaulted).  The ineffective assistance of trial counsel claim that is set forth in Petitioner's third ground for relief is procedurally defaulted because Petitioner did not present that claim in his post-conviction appeal.

Absent a showing of cause and prejudice or a miscarriage of justice, a federal habeas court may not reach the merits of a federal constitutional claim procedurally defaulted due to a petitioner's failure to follow applicable state rules in raising the claim in state court. **Sawyer v. Whitley**, 505 U.S. 333, 338-39 (1992); accord **Skillicorn v. Luebbers**, 475 F.3d 965, 976-77 (8th Cir. 2007) ("Unless a habeas petitioner shows cause and prejudice or that he is actually innocent of the charges, a [federal habeas] court may not reach the merits of procedurally defaulted claims in which the petitioner failed to follow applicable state procedural rules in raising the claims").  "Cause for a procedural default exists where 'something *external* to the petitioner, something that cannot fairly be attributed to him[,] .. . 'impeded [his] efforts to comply with the State's procedural rule.'" **Maples v.  Thomas**, 132 S. Ct. 912, 922 (2012) (alterations in original) (quoting Coleman v. Thompson, 501 U.S. 722, 753 (1991)).  There is no exhaustive catalog of the objective impediments "and the precise contours of the cause requirement have not been clearly defined." **Ivy v. Caspari**, 173 F.3d 1136, 1140 (8th Cir. 1999).

Petitioner has not demonstrated any cause for his failure properly to present to the state courts the constitutional claim now set forth in ground three of his federal habeas petition. Because no cause has been established, it is unnecessary to consider whether Petitioner has demonstrated prejudice. **Abdullah v. Groose**, 75 F.3d 408, 413 (8th Cir. 1996) (en banc).

The merits of Petitioner's defaulted claim may be reached, despite the absence of a showing of cause and prejudice for his procedural default, if he establishes that a failure to consider the claim's merits will result in a fundamental miscarriage of justice. That exception to a claim's procedural bar "requires a habeas petitioner to present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." **Abdi v. Hatch**, 450 F.3d 334, 338 (8th Cir. 2006). Petitioner must show not only new evidence, but "that 'it is more likely than not that no reasonable juror would have convicted him in light of th[at] new evidence.'" **Osborne v. Purkett**, 411 F.3d 911, 920 (8th Cir. 2005) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)); accord **House v. Bell**, 547 U.S. 518, 536-39 (2006) (Schlup standard applies to determine whether defaulted claims in a first federal habeas petition should be considered based on actual innocence). Evidence is "new" for purposes of this test "if it was 'not available at trial and could not have been discovered earlier through the exercise of due diligence.'" **Osborne**, 411 F.3d at 920 (quoting Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir. 2001)). "'Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach

the merits of a barred claim.'" **Cagle v. Norris**, 474 F.3d 1090, 1099 (8th Cir. 2007) (quoting

Schlup, 513 U.S. at 316).

Petitioner has not submitted any new evidence of his actual innocence so as to permit this Court to consider the merits of Petitioner's defaulted claim in ground three.

Under the circumstances, ground three is procedurally barred due to Petitioner's procedural default and failure to demonstrate either cause and prejudice or a fundamental miscarriage of justice to support consideration of the merits of that procedurally barred claim. Therefore, the undersigned will deny ground three without further consideration of its merits. Petitioner's other three ineffective assistance of trial counsel claims, those set forth in grounds one, two, and four, are not procedurally barred and will be considered on their merits.

Standard of Review of the Merits of the Claims in Grounds One, Two, and Four. "In the habeas setting, a federal court is bound by the [Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")] to exercise only limited and deferential review of underlying state court decisions. 28 U.S.C. § 2254." **Lomholt v. Iowa**, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or . . . decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." **Williams v. Taylor**, 529 U.S. 362, 413 (2000) ("**Taylor**"). If the state court's decision is not "contrary to" clearly established law, then the standard of "unreasonableness" applies and is "meant to be difficult to meet, and 'even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.'" **Williams v. Roper**, 695 F.3d 825, 831 (8th Cir. 2012) (quoting Harrington v. Richter, 562 U.S. 86, 131 S. Ct. 770, 786 (2011)), cert. denied, 134 S. Ct. 85 (2013). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." **Taylor**, 529 U.S. at 407-08; see also **id.** at 413. "The unreasonable application inquiry is an objective one." **de la Garza v. Fabian**, 574 F.3d 998, 1001 (8th Cir. 2009).

In reviewing state court proceedings to ascertain whether they are contrary to or involve an unreasonable application of clearly established federal law, this Court "is limited to the record that was before the state court that adjudicated the claim on the merits." **Cullen v. Pinholster**, 131 S. Ct. 1388, 1398 (2011). Additionally, this Court's review is limited to consideration of the United States Supreme Court precedents at the time the state court issues its decision on the merits. **Greene v. Fisher**, 132 S. Ct. 38, 44 (2011) (relying on Cullen,

supra); accord **Losh v. Fabian**, 592 F.3d 820, 823 (8th Cir. 2010) ("[o]nly rulings in [United States] Supreme Court decisions issued before the state court acts are considered clearly established federal law, for a state court does not act contrary to or unreasonably apply clearly established federal law if there is no controlling [United States] Supreme Court holding on the point" (citations omitted)). The state court does not need to cite to Supreme Court cases, "'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" **Revels v. Sanders**, 519 F.3d 734, 739 (8th Cir. 2008)) (quoting Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam)).

A state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." **Ryan v. Clarke**, 387 F.3d 785, 790 (8th Cir. 2004) (internal quotation marks omitted) (quoting Jones v. Luebbers, 359 F.3d 1005, 1011-12 (8th Cir. 2004)). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct" unless rebutted by the petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The deference owed by a federal habeas court to a state court's findings of fact includes deference to state court credibility determinations, **Smulls v. Roper**, 535 F.3d 853, 864 (8th Cir. 2008) (en banc), and to "[a] state court's findings of fact made in the course of deciding" an ineffective assistance of counsel claim, **Odem v. Hopkins**, 382 F.3d 846, 849 (8th Cir. 2004). Moreover, the presumption of correctness of findings of fact applies to the factual

determinations made by a state court at either the trial or appellate levels. **Smulls**, 535 F.3d at 864-65.

Elements of an Ineffective Assistance of Counsel Claim. An accused's Sixth Amendment right to the assistance of counsel is a right to the effective assistance of counsel. **Marcrum v. Luebbers**, 509 F.3d 489, 502 (8th Cir. 2007) (citing Kimmelman v. Morrison, 477 U.S. 365, 377 (1986)). In **Strickland**, supra, the Supreme Court established a two-part test for determining whether or not an attorney provided effective assistance of counsel. The petitioner must establish both deficient performance, i.e., that "counsel's representation fell below an objective standard of reasonableness," and prejudice, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Strickland**, 466 U.S. at 687-88, 694. Importantly, to prevail on an ineffective assistance of counsel claim in a § 2254 habeas case, Petitioner

> must do more than show that he would have satisfied Strickland's test if his claim were being analyzed in the first instance, because under [28 U.S.C.] § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly. Rather, he must show that the [state appellate court] applied Strickland to the facts of his case in an objectively unreasonable manner.

**Bell v. Cone**, 535 U.S. 685, 698-99 (2002) (one citation omitted); **Underdahl v. Carlson**, 381 F.3d 740, 742 (8th Cir. 2004).

For the performance prong of an ineffective assistance of counsel claim, a petitioner must demonstrate that "counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney."

**Armstrong v. Kemna**, 534 F.3d 857, 863 (8th Cir. 2008) ("**Armstrong**") (citing <u>Strickland</u>, 466 U.S. at 687-89). "Only reasonable competence, the sort expected of the 'ordinary fallible lawyer,' is demanded by the Sixth Amendment." **White v. Helling**, 194 F.3d 937, 941 (8th Cir. 1999) (quoting <u>Nolan v. Armontrout</u>, 973 F.2d 615, 618 (8th Cir. 1992)). The court is highly deferential in analyzing counsel's conduct and "'indulg[es] a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment.'" **Armstrong**, 534 F.3d at 863 (quoting <u>Middleton v. Roper</u>, 455 F.3d 838, 846 (8th Cir. 2006)).

To establish prejudice, there must be a showing of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Strickland**, 466 U.S. at 694; **Armstrong v. Kemna**, 590 F.3d 592, 595-96 (8th Cir. 2010) ("**Kemna**") (quoting <u>McCauley-Bey v. Delo</u>, 97 F.3d 1104, 1105 (8th Cir. 1996)). "'A reasonable probability is [a probability] sufficient to undermine confidence in the outcome.'" **Kemna**, 590 F.3d at 596 (quoting <u>McCauley-Bey</u>, 97 F.3d at 1105); <u>accord</u> **Carroll v. Schriro**, 243 F.3d 1097, 1100 (8th Cir. 2001) (quoting <u>Strickland</u>, 466 U.S. at 694). The petitioner bears the burden of showing such a reasonable probability, **Lawrence v. Armontrout**, 961 F.2d 113, 115 (8th Cir. 1992); and, in determining whether or not there was prejudice, this Court must consider the totality of the evidence, **Kemna**, 590 F.3d at 596.

The question of prejudice from counsel's performance need not be reached if the performance was not deficient. <u>See</u> **Parkus v. Bowersox**, 157 F.3d 1136, 1140 (8th Cir.

1998).  Conversely, the question of counsel's allegedly deficient performance need not be reached if a petitioner has failed to show prejudice.  See **Strickland**, 466 U.S. at 697; **Williams v. Locke**, 403 F.3d 1022, 1025 (8th Cir. 2005).

For his first ground, Petitioner contends his trial attorney provided ineffective assistance of counsel by failing to call J.M. and M.C. Because this claim in Petitioner's post-conviction appeal was limited to trial counsel's alleged failure to present the testimony of these two witnesses as a defense to the alleged sodomy of Victim by Petitioner when Victim, J.M., and M.C. played video games at Petitioner's home, this Court will similarly limit its consideration of the merits of this ground for relief.

The state appellate court concluded that J.M. and M.C. could not testify about those circumstances because they were asleep at the time the alleged sodomy occurred.  This Court presumes the correctness of, and defers to, the state court's factual findings regarding this alleged incident, because Petitioner has not submitted clear and convincing evidence to rebut those findings; and the record supports the state court's determination that J.M. and M.C. were asleep at the relevant time.    Petitioner has not satisfied his heavy burden to show the incorrectness or unreasonableness of the Missouri Court of Appeals' determination that he failed to establish his trial attorney's ineffective assistance regarding the presentation of J.M.'s and M.C.'s testimony.  See **Skillicorn**, 475 F.3d at 974 ("counsel is not ineffective for failing to call a witness who would have been unable to testify regarding the pertinent information").  The state appellate court's decision is not an incorrect or unreasonable application of **Strickland**.

Ground one is denied.

For his second ground, Petitioner urges that his trial attorney provided ineffective assistance of counsel by failing to call Petitioner to testify at trial.

The Missouri Court of Appeals found this contention refuted by the record that disclosed the trial court questioned Petitioner about whether or not he wanted to testify, and Petitioner responded that he understood it was his decision to make and that he had decided not to testify.

A defendant in a criminal case has a constitutional right to testify on his or her own behalf. **Rock v. Arkansas**, 483 U.S. 44, 51-53 (1987). Moreover, the defendant "has the ultimate authority" to decide "whether to . . . testify in his or her own behalf." **Jones v. Barnes**, 463 U.S. 745, 751 (1983) (citing <u>Wainwright v. Sykes</u>, 433 U.S. 72, 93 n.1 (1977) (Burger, C.J., concurring)). Petitioner's exchange with the trial court regarding his decision not to testify was clear and unequivocal. <u>See</u> **Smith v. Lockhart**, 921 F.2d 154, 157 (8th Cir. 1990) ("Solemn declarations in open court carry a strong presumption of verity" (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977)). There is nothing to indicate any conduct or statements by Petitioner's counsel adversely affected Petitioner's decision not to testify. Without more, Petitioner's counsel may not be deemed ineffective for abiding by Petitioner's decision not to testify. The record supports the state appellate court's findings, and its decision is not an incorrect or unreasonable application of **Strickland**, <u>supra</u>.

Ground two is denied.

In his fourth and final ground, Petitioner contends that his trial attorney provided ineffective assistance of counsel by failing to communicate with Petitioner.

The state appellate court concluded that Petitioner had not sufficiently demonstrated how any failure to communicate by his trial attorney adversely affected the attorney's performance.

In **Strickland**, the Supreme Court noted that the representation of a criminal defendant "entails certain basic duties[, including a duty] . . . to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution." **Strickland**, 466 U.S. at 688. Nothing of record indicates either in what respect or to what extent Petitioner's trial attorney failed to communicate with Petitioner. Speculation is insufficient to establish an attorney's ineffectiveness. **Becker v. Luebbers**, 578 F.3d 907, 917 (8th Cir. 2009) (there was no unreasonable application of Strickland in the denial of a habeas petitioner's ineffective assistance of counsel claim that was based on speculative results of "different or further cross-examination" of a witness); **Hunter v. Bowersox**, 172 F.3d 1016, 1024 (8th Cir. 1999) (one of the petitioner's ineffective assistance of counsel claims was properly rejected upon concluding that it was based on "sheer speculation"); see also **Middleton**, 455 F.3d at 854 (a federal habeas claim "founded solely on speculation" was properly denied); **Sargent v. Armontrout**, 841 F.2d 220, 226 (8th Cir. 1988) ("When seeking habeas relief, the burden is on the petitioner to prove that his rights have been violated. Speculation and conjecture will not satisfy this burden"). Without

more, there is no basis for this claim. The record supports the state appellate court's findings, and its decision is not an incorrect or unreasonable application of **Strickland**, supra.

Ground four is denied.

### Conclusion

After careful consideration, the undersigned will deny Petitioner's federal habeas petition because ground three is procedurally barred, and grounds one, two, and four lack merit.

Accordingly,

**IT IS HEREBY ORDERED** that Jay Cassady is **SUBSTITUTED** as the Respondent in this habeas proceeding.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file and maintain **UNDER SEAL** the federal habeas petition and its exhibit [Docs. 1 and 1-1], the State's response to the petition [Doc. 8], and the following state court materials: the legal file for Petitioner's underlying state criminal proceeding, Resp't Ex. A [Doc. 9]; the trial transcript for that proceeding, Resp't Ex. I [Doc. 14-1]; Petitioner's brief submitted in his direct appeal, Resp't Ex. B [Doc. 9]; the legal file for Petitioner's underlying post-conviction motion proceeding, Resp't Ex. E [Doc. 9]; and Petitioner's brief submitted in his appeal in that proceeding, Resp't Ex. F [Doc. 9].

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**.

**IT IS FINALLY ORDERED** that no certificate of appealability shall issue. 28 U.S.C. § 2253.

A separate Judgment shall accompany this Memorandum and Order.


/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 25th day of September, 2014.